[Criminal No. 506. Filed May 4, 1921.]

[197 Pac. 578.]

# NICHAN MARTIN, Appellant, v. STATE, Respondent.

## (ON PETITION FOR REHEARING.)

1. Criminal Law—Court cannot Consider Newly Discovered Evidence not Contained in Record on Appeal.—The Supreme Court cannot consider newly discovered evidence not contained in the record on appeal, and grant a new trial thereon, as it is an appellate court, and not a trial court.

2. Criminal Law—No Error Because Testimony Tended to Show Other Offense, Where No Attempt to Prove It.—Where the state, on a trial for murder, made no attempt to prove the commission by defendant, of any other defense, a statement volunteered by a deputy sheriff testifying for the state, that he turned defendant loose on a certain date, and testimony about defendant wearing overseas stripes and cap, and admitting that he had never been overseas, was not reversible error.

3. Criminal Law—Defendant Could not Complain of Testimony Brought Out by His Counsel on Cross-examination.—Where, on a trial for murder, a deputy sheriff, testifying for the state, volunteered the statement that he turned defendant loose, and on cross-examination it appeared that this remark referred to defendant's temporary custody on account of a dispute growing out of a garage bill, defendant, whose counsel brought out such matter on cross-examination, could not complain.

4. Criminal Law—Remark of Prosecutor That Defendant's Counsel was Admitting Matters, Because He Could not Keep Them Out, Held not Prejudicial.—Where admissions by defendant's counsel that witnesses for the prosecution would testify in a certain way was so persistent as to make it apparent that he was endeavoring to have the case tried on defendant's admissions,

without permitting the witnesses to relate the facts, a remark of the prosecuting attorney, in response to one by counsel for the defendant, that counsel was trying to admit the testimony before it was put in, knowing that he could not keep it out, and that he objected to any further admissions of the kind on the part of defendant, could not have injuriously affected defendant's case.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge.

On petition for rehearing. Petition denied.

Mr. Stephen B. Abbey, Mr. Harold Baxter, Mr. D. A. Little, and Mr. Benton Dick, for Appellant.

The Attorney General of Arizona and the County Attorney of Yavapai County, for the State.

BAKER, J.—The judgment of conviction and sentence of death in this case was affirmed by this court on April 4, 1921. The defendant was not represented by counsel at the hearing of the appeal. Since then, however, it seems that he has been able to secure the services of counsel in his behalf, much to our satisfaction, and this petition for a rehearing has been filed and presented to us for consideration.

In addition to the record as made on the trial, and as certified to us on the appeal, several *ex parte* affidavits are now filed purporting to contain newly discovered evidence. It is alleged that this new evidence has been discovered since the judgment of this court was entered affirming the judgment of the lower court. For this reason we are asked to change our judgment and order a new trial in the case. But we cannot do this. We cannot consider any evidence outside of that contained in the record on appeal. This is not a trial court, but an appellate court. Should we consider these *ex parte* affidavits, it would be necessary that we have the state served with a copy of them and permitted to introduce evidence in

rebuttal thereof, in fact reopen the case and convert this court into a trial court on the merits of the case, and then substitute our finding on the facts as those presented to us for that of the verdict of the jury. This is wholly impractical and unauthorized by our statute. Counsel refer us to *Anderson* v. *State,* 43 Conn. 514, 21 Am. Rep. 669, and *State* v. *Tomlinson,* 11 Iowa, 401. These cases have no application to the point.

Counsel insist that at the trial evidence of another offense not related to the crime charged was permitted to be introduced in behalf of the state, in violation of the well-recognized rule that evidence of a distinct, substantive offense cannot be admitted on trial of a defendant for another crime. *Crowell* v. *State,* 15 Ariz. 66, 136 Pac. 279; *Farris* v. *People,* 129 Ill. 521, 16 Am. St. Rep. 283, 4 L. R. A. 582, 21 N. E. 821; *People* v. *Molineux,* 168 N. Y. 264, 62 L. R. A. 193, 61 N. E. 286. We have carefully re-examined the record on appeal in respect to this claim, but we fail to observe that the state was permitted, or that the state attempted to prove the commission by the defendant of any other crime or offense than the one with which he stood charged—murder. John K. Davis, a deputy sheriff and a witness for the state, on direct examination volunteered-the statement that "I turned him loose on October 1st, about 4 o'clock in the afternoon." Although the defendant was represented by able counsel at the trial, no objection was made to this remark. On cross-examination of the witness it was made to appear that in making the remark the witness referred to the incident of having taken the defendant temporarily into custody on account of a dispute growing out of the payment of a garage bill, etc. Something was said about the defendant wearing overseas stripes and cap, but admitting that he had never been overseas. There was,

however, no attempt to prove the commission of a crime by the defendant, and no criminal charge was lodged against him. In addition, whatever was said upon the subject was brought out by counsel for the defendant on cross-examination of the witness, and consequently there is no room for complaint on his part, even if the evidence could be held to be improper.

It is claimed that there was misconduct on the part of the prosecuting attorney prejudicial to the accused. This claim is based upon an expression used by the prosecuting officer during the trial. It occurred in this connection:

Mr. Russell (counsel for the defendant): "I am mistaken, but we stipulated, and they asked us to stipulate about that."

Mr. Clark (prosecuting attorney): "We have absolutely not asked for a stipulation at all. Counsel is trying to admit the testimony before it is put in, knowing that he can't keep it out, and we now object to any further admissions of any kind on the part of the defendant; simply because he knows he can't keep this evidence out, he insists on admitting it."

It is inconceivable that this trifling circumstance could have injuriously affected the defendant's case before the jury. To so hold would be to place an exceedingly low estimate upon the intelligence and capacity of the jury. The records show that counsel for the defendant repeatedly offered to admit that witnesses for the prosecution would testify to this or that. So persistent was he in this course of conduct that it was apparent that he was endeavoring to avoid the effect of the relation of the facts by the witnesses in the presence of the jury, and if possible have the case tried upon the defendant's admissions alone. It is not surprising, under the circumstances, that the prosecuting officer exhibited some heat in re-

plying to the remarks of counsel for the defendant, but to say that the defendant was prejudiced, and that a new trial must be given him, would be little less than a mockery of justice.

The point is made that some doubt is created as to the day of the homicide. It is claimed that the evidence shows that the defendant was in Kingman on the afternoon of October 4th, and that the murder was not committed before October 5th. But we think counsel are mistaken. The evidence fairly shows that the witness Eubigen Chavez discovered the dead body of Arthur De Steunder on October 4th, and that on the next day, October 5th, he reported the finding of the body to his "boss" or foreman, J. A. Trenberth. The time at which the defendant and the deceased, De Steunder, were last seen together at Ash Fork, and the time at which the defendant appeared at Kingman alone, makes it very certain that De Steunder was murdered on October 4th.

We have patiently re-examined the entire record in the case in the light of the assistance of able counsel for the defendant, but we can see no reason for changing our conclusions upon the whole record as announced in our former opinion. The unfortunate man has had a fair trial. The circumstances point unerringly to him as the perpetrator of the crime, and he must pay the dread penalty assessed by the law.

The petition for rehearing is denied.

ROSS, C. J., and McALISTER, J., concur.