489 P.2d 1

**STATE of Arizona, Appellee,**

v.

**Walter Lee BROOKS, Appellant.**

**No. 2159.**

Supreme Court of Arizona,
In Banc.

Oct. 1, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

This is an appeal by the defendant from his conviction by a jury for the crime of theft from the person and a sentence of not less than two nor more than ten years.

The victim of the theft, Larche Dunn, was arrested by the Phoenix police near midnight for driving while intoxicated. He was taken from the place of his arrest to the city jail in a police vehicle commonly described as a "paddy wagon." The vehicle contained another man, Ben Perez, at this time. On the way to the police station, the vehicle stopped and picked up three others, the defendant Brooks and two persons named Byrd and Hogue. These latter three were handcuffed together before being placed in the wagon with Dunn and Perez. Brooks' arms were crossed and his right wrist was handcuffed to Hogue's

right wrist, and his left wrist was handcuffed to Byrd's left wrist.

During the ride to the jail, Dunn was robbed of between $100 and $125 in cash. Dunn testified that each of the three threatened him with great bodily harm if he resisted, and threatened Perez if he interfered. At the jail after Dunn found that he would not be confined in the same cell with any one of the three, he told the police that he had been robbed, and pointed out Byrd as the one who had taken his wallet, removed the money and divided it with the other two. Byrd was found to have $67.34; Hogue, $48.52; and Brooks, $59.65. All three were charged with robbery. Brooks was tried separately and convicted of grand theft of money from the person.

Defendant complains that he has been denied due process of law because the record in this Court does not contain the instructions of the trial court and the verdicts submitted to the jury. The record consists of photostatic copies of the instruments in the office of the Clerk of the Superior Court of Maricopa County, Arizona, certified as correct, together with the minute entries of the Clerk, and a partial transcript of testimony forwarded to this Court pursuant to Rule 360, Criminal Rules of Procedure, 17 A.R.S. There is no assertion that the missing portion of the transcript containing the instructions and that the forms of verdict were not provided due to any fault of the Clerk of Court or the court reporter. There is nothing in the record here to indicate why the entire trial was not transcribed.

By Rule 360, the Clerk of Court is required to assemble the record on appeal. It shall include the "reporter's transcript when filed." Appellant's counsel did not request the Superior Court to order the court reporter to supply the missing instructions and verdicts. By Rule 363, Rules of Criminal Procedure, A.R.S. 17, if a stenographic report of the evidence or proceedings at a hearing or trial cannot be

obtained, an appellant may prepare a statement of the proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. No attempt was made by the defendant to comply with this Rule, assuming that the entire transcript of the trial could not be prepared.

 It is the responsibility of the defendant to see that all the matters on which he relies for appeal are included in the record or at least explain why it is beyond his ability to procure the entire record. We have repeatedly held under varying circumstances that where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the trial court's action. State v. Wilson, 95 Ariz. 372, 380 P.2d 903; Sullivan v. State, 47 Ariz. 224, 55 P.2d 312; Zavala v. State, 39 Ariz. 123, 4 P.2d 390; Bradley v. State, 35 Ariz. 420, 279 P. 256; Martin v. State, 22 Ariz. 327, 197 P. 578; Reynolds v. State, 18 Ariz. 388, 161 P. 885. Certainly we will not permit a defendant to claim a want of due process because of the lack of the entire record, which might or might not show error, when he has the means to establish a proper record.

 Defendant contends that he was denied the effective assistance of counsel because appointed counsel was changed a number of times. The record shows that deputy public defender Kenneth Skiff was first appointed to represent defendant. Skiff was thereafter permitted to withdraw, and Michael Cohen, another deputy, was appointed in his place. The court's minute entries show that Skiff stated his reasons to the court and, we presume, absent a showing to the contrary, that the court found his reasons were adequate. Cohen then continued to represent defendant throughout the trial and the subsequent sentencing.

Defendant does not point to any specific instances of ineffectiveness of counsel. It is sufficient to say that the record, as we have it, shows that Cohen handled the de-

fense vigorously and, we believe, competently.

After notice of appeal was filed, the trial court appointed Vernon Croaff as private counsel to represent defendant. Defendant now complains that the court should have retained Cohen as his attorney. There is, however, nothing in the record to show that defendant wanted or asked for Cohen as his appellate counsel or even that he was available to assist the defendant with this appeal. Nor is there a showing that the defendant suffered any injury or prejudice because of the change of lawyers.

The defendant questions the sufficiency of the evidence to sustain the conviction, it being urged that defendant was guilty of receiving stolen property, rather than theft, and, hence, that defendant, having received less than $100, was guilty of only a misdemeanor. In order to determine these questions, some of the facts must be stated in greater detail.

The interior of the vehicle in which Brooks was taken to jail was roughly six by eight feet in dimensions. It was dimly lighted. Dunn acknowledged that he had drunk more than fifteen bottles of beer before being arrested. He was not certain as to exactly what happened. At the trial he did not identify defendant as the man who took his money. He was positive that one of the three took it and divided it with the other two. He did not remember whether his wallet was physically taken from his pocket, or whether he surrendered it under duress. He did not remember that "they" told him that if he, Dunn, "made any noise in there or did anything, they would get me," and that each of the three threatened

him. Dunn also remembered that the other three told Perez not to say anything.

A police officer riding in the cab of the vehicle with the driver tends to corroborate Dunn. He looked back through the window into the interior of the wagon and saw the men "hovering towards the center and passing money." Perez, the other man in the wagon, saw Byrd take Dunn's money and, while he thought that it was taken from Dunn's shirt pocket instead of from his wallet, he said he saw the men divide the money and heard them warn Dunn against telling about what had happened.

We think that the evidence is sufficient to support an inference by the jury that all three participated in the taking of Dunn's money and, therefore, is sufficient to support a verdict of theft from the person.

This is not a case of the defendant's mere presence at the scene of the crime. The evidence plainly goes beyond this. The jury would have been justified in finding that Byrd took the money by threat of physical harm, and that defendant and Hogue aided and abetted Byrd by adding threats of harm if Dunn resisted or failed to keep quiet. Under Arizona's statute, A.R.S. § 13–140, all who are concerned in the commission of a crime are principals to the offense. Cf. State v. Burrell, 106 Ariz. 100, 471 P.2d 712.

Defendant argues that there can be no theft without an asportation, but the taking of money or property from the owner's possession, as was done here, is, in itself, an asportation.

The judgment and sentence are affirmed.

HAYS, V. C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.