494 P.2d 696

The STATE of Arizona, Appellee,

v.

Phillip Cecil PIERCE, Appellant.

No. 2242.

Supreme Court of Arizona,
In Banc.

March 9, 1972.

Howard A. Kashman, Pima County Public Defender, by Fredric F. Kay and Eleanor Daru Schorr, Deputy Public Defenders, Tucson, for appellant.

Gary K. Nelson, Atty. Gen., by Jerry C. Schmidt, Asst. Atty. Gen., and Albert M. Coury, Former Asst. Atty. Gen., Phoenix, for appellee.

HAYS, Chief Justice.

The defendant, Phillip Cecil Pierce, was charged with one count of child molesting and one count of rape. Prior to trial, and pursuant to a plea bargain, the defendant plead guilty to rape in the second degree, the two initial charges against him being dismissed. The record clearly reflects that the defendant plead guilty because he felt that there was a high probability that if he went to trial, he would be found guilty. The defendant therefore elected to take advantage of the plea bargain. This procedure was specifically approved in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The defendant was sentenced to imprisonment at the Arizona State Prison for not less than five years nor more than ten years. Prior to the time this sentence was handed down, the trial court rejected a motion by defense counsel to inspect the presentence report. The defendant also presented to the trial court a motion for an or-

der to include the presentence report as part of the record on appeal. The motion stated that the report was necessary in that the appeal would be based on the grounds that the sentence imposed was excessive. This motion was also denied. The defendant brings this appeal contending that the trial court erred in not granting his request to examine the presentence report for purposes of this appeal and in rejecting his motion to have the report made a part of the record on appeal.

 It has been the holding of ·this court in the past that the decision as to whether to disclose the contents of the presentence report is in the discretion of the trial judge, State v. Nelson, 104 Ariz. 52, 448 P.2d 402 (1968). We are well aware that this question has been the subject of much discussion in legal circles and that there are strong arguments for the various positions espoused. The American Bar Association's Standards for Criminal Justice Sentencing Alternatives and Procedures recommends as follows:

"4.4 Presentence report: disclosure; parties.

(a) Fundamental fairness to the defendant requires that the substance of all derogatory information. which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.

(b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information

which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review."

We adopt the foregoing statement as the law of the state of Arizona. In the recent past, in the adoption of 17 A.R.S., Rules of Procedure for Juvenile Court, Rule 9 thereof, we indicated that the report of the juvenile probation officer should be, on request, made available to counsel for the parties or to the parties if not represented by counsel. Also in that rule, we indicated that within the discretion of the Court, material psychologically · damaging to any ,.of the parties or destructive of the · relationship between members of the family; might be withheld. Our position in adopting this portion of the standards is consistent with our juvenile court rule.

██ ··Having adopted the · foregoing, our next problem is how to approach the case at hand in its present posture. Since the defendant is contending that his sentence is excessive and that the presentence report is required to show this, it is ordered that this matter is remanded to the trial court who shall make the presentence report available to the defendant and the state, unless the Court determines that any items thereof should be excepted from disclosure under the criteria set up in the standards.* The Court shall state for the record the reasons for its action and forward the presentence report in a sealed envelope to this court. · Final determination on the question of excessiveness of the sentence shall be held in abeyance pending this action by the trial court. After the presentence report has been forwarded to this court, defendant's counsel may have 15 days in which to file a supplemental

---

* We do not include the recommendations of the probation officer as to disposition or sentence as being a part of the report which must be disclosed.

brief, pointing out any additional reasons why the sentence may be excessive. The State shall have 10 days thereafter to respond to the supplemental brief.

It is ordered remanding this matter with instructions.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.