499 P.2d 153

**STATE of Arizona, Appellee,**

v.

**John HUBBARD, Appellant.**

**No. 2300.**

Supreme Court of Arizona,
In Banc.

July 17, 1972.

Rehearing Denied Sept. 12, 1972.

**398**

Gary K. Nelson, Atty. Gen. by Howard L. Fell, Asst. Atty. Gen., Albert M. Coury, Former Asst. Atty. Gen., Phoenix, and Jerry C. Schmidt, Former Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender by Eleanor Daru Schorr, Deputy Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

The defendant, John Hubbard, entered a plea of guilty to an amended information charging second degree murder. Thereafter, he was sentenced to not less than twenty-five nor more than forty years in the state prison.

Basically, the only issue raised on appeal is the excessiveness of that sentence. As an ancillary issue, the defendant, in his opening brief, contended that the trial court's refusal to furnish to him the probation department's presentencing file was an abuse of discretion. After oral argument before this court, we ordered that the presentence report be made available to defendant. A copy of that report was ultimately found and made available to defendant who then filed a supplemental brief.

Although our order indicated that the presentence report was to be forwarded to this court, this was not done and apparently the defendant has made no attempt to see that the report is made a part of the record on appeal. State v. Brooks, 107 Ariz. 364, 489 P.2d 1.

In his supplemental brief, the defendant raises only one contention; i. e., that the defendant was denied due process of law by reason of the fact that the court based the sentence on "a biased hearsay presentence report."

Our basic problem in this case comes about because the court, in State v. Pierce, 108 Ariz. 174, 494 P.2d 696 (1972), changed the established law in this jurisdiction on the question of the availability of the presentence report to defendant. Prior to that decision, the matter was left to the discretion of the trial judge. We cannot expect the trial judge here to have anticipated our change of position.

The defendant did little to preserve his record other than to ask for the presentence report. He did not ask for a hearing in mitigation, nor on appeal does he present anything other than a strong condemnation of the presentence report. Prior to sentencing, defense counsel made a plea for leniency and got assurance from the court that the letters presented by defendant had been read. We cannot presume that the court did nothing but examine the presentence report. There is a reporter's transcript of the preliminary hearing which presents a picture of the offense to which defendant plead guilty. There are letters which defendant has attached to his supplemental brief, including one from defendant's mother, which were read by the judge.

Finally, even though we take defendant's characterization of the presentence report as biased and prejudicial, at face value, we do not under all the circumstances find

a basis for reducing the sentence or remanding for resentencing.

Sentence affirmed

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.