589 P.2d 883

STATE of Arizona, Appellee,

v.

Richard Allen WEATHERHOLT, Appellant.

No. 4091–PR.

Supreme Court of Arizona, In Banc.

Jan. 8, 1979.

Bruce E. Babbitt, Former Atty. Gen., Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Law Offices of Erik M. O'Dowd by Bruce A. Burke, Tucson, for appellant.

HOLOHAN, Justice.

Appellant was charged with two counts of kidnapping to commit extortion and one count of first-degree murder for the slaying of Danny A. Ray. Pursuant to a plea agreement he pleaded guilty to second-degree murder, and the kidnapping counts were dismissed. Appellant was then sentenced to not less than 24 nor more than 25 years in the Arizona State Prison.

The Court of Appeals affirmed the conviction but remanded the case for resentencing by another judge because the failure to make full disclosure of the presentence report violated due process. 121 Ariz. 250, 589 P.2d 893 (App.1977). (2 CA–CR 1034 and 2 CA–CR 1151–2 Consolidated, opinion filed October 21, 1977.) The opinion of the Court of Appeals and its supplemental opinion accompanying the denial of the motion for rehearing are vacated. [121 Ariz. 250, 589 P.2d 893 (App.1977) (2 CA–CR 1034 and 2 CA–CR 1151–2 Consolidated, opinion filed November 30, 1977).]

By this appeal the appellant raises three issues: that he was deprived of effective assistance of counsel; that the trial court erred in not disclosing factual information contained in the presentence report; that the sentence imposed was excessive.

The facts giving rise to the criminal charges involved the actions of the appellant, his brother, and two others in beating one Danny Ray. The appellant and his companions accused Danny Ray of having broken into the apartment of a Betty Gagnon and taken from it a .38 revolver, two baggies of marijuana, and a small amount of money. The beating administered by the group ultimately resulted in the death of Danny Ray.

After the appellant had entered into a plea agreement to plead guilty to second-degree murder, the trial judge, before accepting the plea, conducted a careful inquiry to determine that the plea was voluntarily and knowingly made. Having satisfied himself that the plea was voluntarily and knowledgeably made, the court accepted it.

Some time later the appellant decided that he wanted to withdraw his plea. His counsel advised against this action, but the appellant insisted that a motion to withdraw the plea be filed. Counsel complied with appellant's wishes and filed the motion.

Appellant contends that he was denied effective assistance of counsel during his motion to withdraw his guilty plea. He complains that his trial counsel refused to argue the motion to withdraw his guilty plea. However, the record indicates that the attorney for appellant submitted a two-page memo in support of the motion and made a brief argument in support of the motion.

In addition, appellant argues that when appellant's attorney told the trial court before arguing the motion that he advised his client against withdrawing the plea, the attorney discredited the appellant's argument thus depriving him of effective assistance of counsel. The record indicates that at the time the court received appellant's motion to withdraw his guilty plea, the court asked appellant's counsel to elaborate. Appellant's trial attorney explained that he had advised his client against disturbing the plea and stated that he had complied with his client's wishes by submitting a memorandum in favor of the motion. The attorney then asked the court to grant the motion.

The trial court gave the appellant an opportunity to explain why he felt that the plea should be withdrawn. Appellant stated that he was under emotional stress, depressed, and worried about his brother at the time he entered the guilty plea. He also stated that he had some pressure from his attorney to enter the guilty plea.

The trial judge found that there was no showing of a just cause why the plea should be withdrawn, and he denied the motion for withdrawal of the plea.

■ In essence appellant's argument is that his attorney advanced a position contrary to his wishes, and this action deprived appellant of counsel. We disagree. Counsel did follow the wishes of his client. In so doing he was well aware that a change of plea could not be based on a mere change of mind by an accused. *State v. Ellison,* 111 Ariz. 167, 526 P.2d 706 (1974). Counsel was also aware of the fact that he had secured an advantageous plea agreement for the appellant which included a limitation on the maximum sentence. The statement by counsel that the motion was filed against his advice did not affect the merits of the motion. Counsel had complied with appellant's request despite the apparent lack of merit of the motion. We conclude that appellant was not denied assistance of counsel.

Appellant next contends that it was error for the trial court to excise certain information from the presentence report which resulted in appellant being denied disclosure of such information.

The trial court excised from the presentence report certain information which had been given on a promise of confidentiality. The trial judge noted in the record that he

felt that "the disclosure of the information would endanger human life or lives." Counsel for appellant objected to the excision, arguing that the action of the trial court was contrary to the criminal rules and a denial of appellant's constitutional rights.

Rule 26.6(c) of the Rules of Criminal Procedure, 17 A.R.S., provides:

"Excision. The court may excise from the copy of the pre-sentence, diagnostic and mental health reports disclosed to the parties:

"(1) Diagnostic opinions which may seriously disrupt a program of rehabilitation,

"(2) Sources of information obtained on a promise of confidentiality and,

"(3) Information which would disrupt an existing police investigation. "When a portion of the pre-sentence report is not disclosed, the court shall inform the parties and shall state on the record its reasons for making the excision."

The trial judge relied on subsection (c)(2) for his authority to excise the information from the presentence report. We believe he erred in his action.

Although counsel have argued extensively about the constitutionality of a sentencing procedure which does not provide full disclosure of information in a presentence report, we believe the issue is resolved in this case by an application of the rule.

Since *State v. Pierce*, 108 Ariz. 174, 494 P.2d 696 (1972), this court has required full disclosure of the contents of the presentence report subject to a few defined exceptions. The 1973 revision of the criminal rules reflected this policy of disclosure in Rule 26.6.

■ One of the matters which may be excised from the presentence report is sources of information who gave information on a promise of confidentiality. The exception applies to the identity of a source of information—not the information. The difficulty in this case is that the disclosure of the information will probably identify the source.

■ The policy underlying the rule was expressed in *State v. Pierce, supra*. In essence it is one of disclosure of all derogatory information which affects the factors involved in the sentencing decision. That policy requires disclosure in this case or the withdrawal of such information from consideration in the sentencing.

We are sympathetic to the concerns which the state expresses for the protection of those who furnish important information upon the promise of confidentiality. This concern must be balanced against the necessity for use of accurate information in the sentencing process. An accused has a vital interest in knowing that only accurate and truthful information is being considered by the sentencing judge. The policy of disclosure provided by our rule gives the accused the opportunity to know and to test the accuracy of any statement made in the presentence report.

If information given in confidence identifies the source, the policy of the rule forbids its consideration in the sentencing when the information is not disclosed. Since this policy was not followed the sentence must be set aside and the case returned to the trial court for resentencing.

In light of our disposition of the case it is unnecessary to consider appellant's claim of excessive sentence.

Upon remand the trial court must either disclose the information previously excised from the presentence report or sentence the appellant without any consideration being given to the undisclosed information. If the latter course is followed we leave to the sound discretion of the trial judge the determination of whether he should transfer the cause to another judge for resentencing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.