No. 83-349

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

JANET MYRTLE REDDING,

       Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Lake,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James A. Manley argued, St. Ignatius, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Jim Sheier argued, Asst. Atty. General, Helena
John Frederick, County Attorney, Polson, Montana
Thomas Kragh, Deputy County Atty., present at argument, Polson, Montana

---

Submitted: December 1, 1983

Decided: January 24, 1984

Filed:

*Ethel M. Harrison*

---
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Janet Redding appeals a sentence imposed in Lake County District Court, Fourth Judicial District for felony theft. We remand to the District Court for resentencing.

Defendant took an automobile in Polson, which she found with the keys in the ignition, and drove it to Oregon, where she was arrested for speeding and for driving a stolen car.

She waived extradition to Montana. Her court-appointed attorney entered into a plea bargain with the State by which she was to plead guilty and the county attorney would recommend a three-year suspended sentence with conditions. At the time the sentencing hearing was set, the State moved that the defendant be given psychiatric evaluation at Warm Springs before sentencing. The psychiatric report indicates that defendant is subject to severe psychotic aberrations, and that among her problems is impulsiveness which probably led to the theft of the automobile.

The presentence report recommended a five-year sentence with two years suspended for the defendant. Prior to the sentencing hearing the court held a private conference with the probation officer who had been assigned to write the presentence report. The deputy county attorney entered the conference but on finding it was private excused himself. Apparently such out-of-court meetings occur in the Fourth Judicial District and perhaps elsewhere.

At the sentencing hearing the court determined that there had been a plea bargain, and determined from the defendant that she understood that she had the right to withdraw her plea, and that the court was not bound by the plea bargain.

In the course of his sentencing, the Judge indicated that she had had some problems with other cars while waiting sentencing. He confirmed this with the county attorney at the time of the sentencing. The Judge had gathered this information from the probation officer in the presentencing conference. No witnesses testified in court regarding the problems with the other cars, although the information did enter the record when counsel for the State volunteered the information to support a motion for a presentence psychiatric evaluation.

The court declined to accept the joint recommendations of the attorneys and sentenced defendant to five years in prison with two years suspended.

The following issue is raised on appeal: May a district judge consider undisclosed information elicited in a private conference with the presentence investigating officer prior to sentencing?

The State contends that a presentence private conference between the sentencing judge and the probation officer is an appropriate procedure which will promote the goal of dealing with the defendant in accordance with his individual characteristics, circumstances, needs and potentialities in the sentencing procedure. See section 46-18-101, MCA.

This Court has consistently held that a judge may not sentence on the basis of private, out-of-court information, communications or investigation. State v. Baker (Mont. 1983), 667 P.2d 416, 40 St.Rep. 1244; State ex rel. Greely v. District Court (1979), 180 Mont. 317, 590 P.2d 1104; State v. Stewart (1977), 175 Mont. 286, 573 P.2d 1138; Kuhl v. District Court (1961), 139 Mont. 536, 366 P.2d 347. While this rule evolved from situations where judges mounted their own independent investigations, we believe that the

out-of-court dialogue between the judge and the probation officer is also such out-of-court information.

However, our rationale for finding such a procedure to be impermissible rests squarely on the constitutional guarantee of due process found in the 14th Amendment to the United States Constitution, and Article II, Section 17 of the Montana Constitution.

This Court has previously found that due process precludes a sentence from being predicated on misinformation, and has found certain presentence procedures to be impermissible on that basis. State v. Orsborn (1976), 170 Mont. 480, 486, 555 P.2d 509, 513; Kuhl v. District Court (1961), Supra. In this case we find the due process protection to be broader.

The State has argued that because of the time and expertise that presentence investigating officers can devote to their investigation, they are able to provide sentencing judges with an abundance of information pertinent to the sentencing determination.

However, consideration must be given to the quality as well as the quantity of the information placed before a sentencing judge. Our system is based on the premise that the confrontation, cross-examination and debate characteristic of an adversarial system is elemental, if not essential to its truth-seeking function. See Gardner v. Florida (1977), 430 U.S. 349.

This system of truth seeking would be greatly impaired if information were allowed to go unchallenged before the sentencing judge in the secrecy of his chambers. Such information may be misleading or even inaccurate.

Arizona considered a similar question of disclosure of presentence reports in State v. Pierce (1972), 108 Ariz. 174, 494 P.2d 696. In that case, the Supreme Court of Arizona

4

adopted the following recommendation of the American Bar Association's Standards for Criminal Justice Sentencing Alternatives and Procedures:

"4.4 Presentence report: disclosure; parties.

"(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf. ..."

We hold that this requirement of disclosure is not merely required by "fundamental fairness," but is compelled by the constitutional guarantee of due process. In this State every person must be given an opportunity to explain, argue, and rebut any information which may lead to the deprivation of life, liberty or property. Presentencing information provided to the sentencing judge in a criminal case certainly falls within that category.

Such a requirement of disclosure is consistent with the reasoning expressed by this Court in State v. Stewart (1977), 175 Mont. 286, 305, 573 P.2d 1138, 1148, which held that a sentencing judge may not conduct his own presentence investigation.

"This is not to say the trial court cannot acquire more information as to the circumstances of a crime. We only hold that if it is his desire to do so, he must delegate that responsibility to other officials. They can gather the information and put it in a report to be made available to the defense. At the presentencing hearing, if anything in the report is contested, these officials may then be cross-examined as to the investigation and the results of their investigation. ..." (emphasis added)

Consideration must also be given to the policy of protecting the confidences of informants. Such policy is found in the language of section 46-18-113, MCA. That policy may be upheld by concealing identities, where necessary, as long as the defendant is informed of and given opportunity to rebut the facts elicited from such informants.

5

In this case, the sentencing judge denies having relied on the subsequent automobile troubles in sentencing the defendant. However both parties agree that a fair reading of the transcript reveals that these troubles were a consideration of the court.

> "THE COURT: Now, Mr. Kragh, I understand that this Defendant has been in trouble while she's been awaiting sentencing with a couple of more cars; is that correct?
>
> "MR. KRAGH: That's true, Your Honor.
>
> "THE COURT: When she was on probation, she committed this crime; is that correct?
>
> "MR. KRAGH: Out of California, yes.
>
> "THE COURT: Yes.
>
> "Well, in this case, you were on probation when you committed this act. You have not been convicted of any other acts since then, but, apparently, there has been some question concerning other vehicles. Certainly, it is the object to rehabilitate people and to prevent crime without sending them to jail if possible. But by the same token, the citizens have a right to be safe in their person and in their property."

What transpired in the private conference is unknown. It is apparent, however, that the probation officer sufficiently impressed the sentencing judge with the misdemeanor charges so that it was a major factor in the court's refusal of the plea-bargained sentence recommendation.

We hold that defendant was denied due process because the sentencing judge conferred with the presentence investigation officer behind doors where no opportunity was provided for argument, rebuttal, or explanation.

The rule requiring disclosure of all derogatory information to the defense, and opportunity for argument, explanation, and rebuttal can be applied purely prospectively. The major factor in limiting retroactive application of new principles of law is whether such application would further or retard the purpose and effect of

6

the rule. LaRoque v. State and Alley (1978), 178 Mont. 315, 583 P.2d 1059; Linkletter v. Walker (1965), 381 U.S. 618; Tehan v. United States (1966), 382 U.S. 406; Johnson v. New Jersey (1966), 384 U.S. 719.

The purpose and effect of the rule stated here is to guarantee the full effectuation of constitutional due process guarantees of accurate information before the sentencing judge, confrontation of adverse witnesses, and representation of counsel.

While this rule guards against the possibility of misinformation and abuse of discretion by a judge free to avail himself of out-of-court information, it also encompasses situations in which the danger of such possibilities is quite small, as when the information is insignificant or non-prejudicial. Thus, the purposes of the rule are best effectuated by prospective application only; sentences rendered before the date of this decision will be overturned only if the information is shown to be inaccurate or prejudicial.

The cause is remanded to the District Court for resentencing.

_____
Justice

We Concur:

_____
Chief Justice

7

_____

_Daniel J. Slea_

_John C. Shelby_

_____

_____
Justices

Mr. Justice L.C. Gulbrandson dissenting.

I respectfully dissent.

The majority opinion relies, in part, upon State v. Stewart and State v. Orsborn. In Stewart, this Court stated:

> "[w]e emphasize that we reaffirm our adherence to the sentencing policy stated in Orsborn, supra, quoting from Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 1083, 93 L.Ed.2d 1337, 1342:
>
> "'" * * * Highly relevant--if not essential--to [the sentencing judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable at the trial."'" (emphasis added.)

175 Mont. 286, 305-6, 573 P.2d 1138, 1149.

In Orsborn, this Court stated:

> "A convicted defendant still has a due process guarantee against a sentence predicated on misinformation. The real question before us then is whether defendant received that protection.
>
> "Here: (1) Defendant was represented by counsel at the time the sentencing was made known to him. [citations omitted.]
>
> "(2) He had the opportunity to rebut the information. [citations omitted.]
>
> "(3) Defendant chose to affirm the accuracy of the information. [citations omitted.]
>
> "Thus, any danger of utilizing misinformation in sentencing was thus averted by the trial judge."

170 Mont. 480, 486, 555 P.2d 509, 513.

The factual situation here is similar to that in Orsborn:

(1) The defendant Redding was represented by counsel at the time the sentencing information was made known to her.

(2) She had the opportunity to rebut the information. The record discloses that the pre-sentence investigation report, with a recommended sentence of five years with two suspended, was filed on April 6, 1983. Thereafter, two additional charges of unauthorized use of a motor vehicle were filed against the defendant in justice of the peace court, in the same county, and the State moved on April 20, 1983, for an order for psychiatric examination of the defendant. Defense counsel was present and objected to said order. The sentencing hearing was not held until June 8, 1983. It would appear, therefore, that defense counsel knew of the pending additional charges against the defendant for a period of more than six weeks, and in fact did not dispute the accuracy of the information at sentencing or later.

(3) In Orsborn, the defendant chose to affirm the accuracy of the information. Here, the defendant did not deny the accuracy of the information, and later entered quilty pleas to the additional charges according to counsel at the time of oral argument in the appeal.

Section 46-18-113, MCA reads, in pertinent part:

> "Availability of report to defendant and others. (1) The judge may, in his discretion, make the investigation report or parts of it available to the defendants or others, while concealing the identity of persons who provided confidential information. If the court discloses the identity of persons who provided information, the judge may, in his discretion, allow the defendant to

-10-

cross-examine those who rendered information. . . ."

In my view, the majority has impliedly ruled Section 46-18-113, MCA, unconstitutional without referring to the procedure outlined therein.

Here, the sentencing judge gave the exact sentence recommended in the pre-sentence investigation, filed prior to the additional charges, and defense counsel does not dispute the accuracy of the information obtained.

I would affirm the denial of defendant's motion for rehearing on sentencing.

_____
Justice

We concur in the foregoing dissent of Mr. Justice L.C. Gulbrandson.

_____
Justice

_____
Justice

-11-