Commonwealth *v.* Phelps, Appellant.

Argued June 14, 1971.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*D. Benjamin VanSteenburgh,* Assistant Public Defender, for appellant.

*James D. McErlane,* Assistant District Attorney, with him *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
Appellant was charged with burglary, larceny, armed robbery, and prison breach.  He pled guilty to

all these charges and sentencing was deferred pending a presentence investigation. Prior to sentencing appellant's attorney made a motion to examine the presentence report. This motion was denied. Appellant was then sentenced and this appeal followed.

It has been the law in Pennsylvania that a sentencing judge may allow disclosure of a presentence report at his discretion. *Commonwealth ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531, 165 A. 2d 400 (1960).[1] However, in recent years the trend of scholarly and legal opinion has been toward requiring disclosure of these reports. See, e.g., *United States v. Solomon,* 422 F. 2d 1110 (7th Cir. 1970); *United States ex rel. Brown v. Rundle,* 417 F. 2d 282 (3rd Cir. 1969); *Verdugo v. United States,* 402 F. 2d 599 (9th Cir. 1968); *Baker v. United States,* 388 F. 2d 931 (4th Cir. 1968); *State v. Kunz,* 55 N.J. 128, 259 A. 2d 895 (1969); President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society (1967); Note, 81 Harv. L. Rev. 821 (1968).

More significantly, new sentencing legislation now pending in the Pennsylvania Legislature would require that "[b]efore imposing sentence, the court shall afford counsel for the prosecution and the defense a reasonable opportunity to read but only in the discretion of the court to copy the presentence report." Senate Bill No. 440, Session of 1971.

I wholeheartedly support this concept of disclosure and believe that it is dictated by both fundamental fairness and the constitutional requirement of effective counsel at sentencing. "It is indeed difficult to see how there can be meaningful representation at sentencing time when there is no disclosure to [counsel] of the

---

[1] The relevant statute does not mention disclosure. Act of December 22, 1965, P. L. 1187, §1, amending Act of March 31, 1860, P. L. 427, §73.1, 19 P.S. §890.

presentence materials on which the sentence is being based. And surely without such materials he is in no fair position to determine whether an appeal should be taken from the sentence or how to prosecute it if it is taken." *State v. Kunz*, 55 N.J. 138, 259 A. 2d at 900.

In 1968 the American Bar Association House of Delegates adopted the following formulation concerning disclosure: "Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf." After a careful review of the issue, the Advisory Committee on Sentencing and Review concluded that traditional arguments against disclosure were of little merit when compared to the potential prejudice to the defendant.

First, the fear that confidential sources of information would "dry up" if the defendant knows who the informer is "must be weighed against the interest of the defendant and of society that he not be sentenced on the basis of vengeful slanders or mere rumors which he cannot rebut because he is not told of them." 81 Harv. L. Rev., supra, at 838. In addition, those jurisdictions which regularly practice disclosure have not experienced additional problems in gathering information. See, Thomsen, "Confidentiality of the Presentence Report: A Middle Position," 28 Fed. Prob. 8 (1964).

Secondly, the Committee concluded that any delay created by disclosure was no excuse for a denial of fundamental fairness, and probably could be avoided by use of presentence conferences. There was also an indication that relieving defense counsel of the obligation to conduct his own investigation might actually speed sentencing proceedings. Finally, the fear that disclosure of certain medical information might harm a defendant's

chances for rehabilitation was not considered a proper reason for denying access to the whole report.

Disclosure of the contents of the presentence report to defense counsel is necessary in order that he may effectively question the facts and criticize the conclusions upon which the sentencing judge will rely. One of the basic values underlying our system of criminal justice is that the defendant is entitled to know the details of the charges against him and an opportunity to respond to them. Clearly this value is subverted by a system which does not require disclosure of the information contained in the presentence report.

I would remand the case to the lower court for a resentencing hearing at which appellant's counsel has the opportunity to read the presentence report.

MONTGOMERY, J., joins in this dissenting opinion.