**UNITED STATES of America**

v.

**Lawrence JANIEC et al., Appellant in No. 71–2149.**

**Appeal of Samuel LAYTHAM, in No. 71–2027.**

**Nos. 71–2027 and 71–2149.**

United States Court of Appeals, Third Circuit.

Argued March 13, 1972.

Decided June 23, 1972.

As Amended July 14, 1972.

Teitelbaum, District Judge, concurred and filed opinion.

Joel D. Lowinger, Millburn, N. J., for appellant in No. 71–2149.

Thomas F. Campion, Shanley & Fisher, Newark, N. J., for appellant in No. 71–2027; Joseph L. Cook and Robert F. Gallo, Newark, N. J., on the brief.

Amos Gern, Asst. U. S. Atty., Newark, N. J., for appellee.

Before MAX ROSENN and JAMES ROSEN, Circuit Judges, and TEITELBAUM, District Judge.

## OPINION OF THE COURT

MAX ROSENN, Circuit Judge.

This case raises squarely the long standing and often debated issue of disclosure of presentence investigation reports to a defendant, his attorney and the attorney for the Government.

Appellants, Janiec and Laytham were indicted on two counts: bank robbery and putting lives in jeopardy during that robbery by use of a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d). After plea negotiations, they pled guilty to one count, and the remaining count was dismissed on motion of the Government.

Appellants were sentenced on July 30, 1971, in the District Court for the District of New Jersey. The district court commented, when sentencing appellant Janiec, as follows:

> Mr. Janiec, your life has been a life of crime. In 1930, you robbed a bank and you used loaded guns. You used pistols. This court has taken into consideration all the facts involved in the commission of this crime. The sentence of this court is as follows: It is adjudged that you . . . be placed in an appropriate institution for twenty years. . . .

When sentencing appellant Laytham, the court noted: "I have read your presentence report." The sentence imposed on both appellants was the maximum permissible under 18 U.S.C. § 2113(a), twenty years imprisonment.

In August 1971 appellants filed motions made pursuant to Rule 32(c) (2) Fed.R.Crim.P., for disclosure of presentence reports, and, pursuant to Rule 35 Fed.R.Crim.P., for reduction of sentence. In oral argument on these motions, Janiec's attorney argued that Janiec had not been convicted of robbing a bank

with loaded guns in 1930, but merely of the robbery itself. Further, he contended that since, presumably, the source of the district court's information was the presentence report, that report was therefore in error. Apparently, Janiec's attorney was correct, and the district court's statement that Janiec "robbed a bank and . . . used loaded guns" in 1930 was in error.[1] The district court, after this matter was brought to its attention, again reviewed the presentence report. Presumably, this second review erased any erroneous impression as to Janiec's conduct in 1930, since the presentence report does not list a conviction in 1930 for bank robbery with loaded guns.

By order filed September 21, 1971, the district court denied appellants' motions. For the reason detailed below, we remand for resentencing.

The appellants' primary contention is that they have a constitutional right to mandatory disclosure of the *entire* presentence investigation report prepared by the probation department.[2] An impressive body of legal opinion has developed reflecting various views with respect to this important issue. This body of legal opinion is exhaustively summarized in the dissenting opinion of Judge J. Skelly Wright in United States v. Dockery, 145 U.S.App.D.C. 9, 447 F.2d 1178, 1186, cert. denied, 404 U.S. 950, 92 S.Ct. 299, 30 L.Ed.2d 266 (1971), and need not be repeated here.

We do not hold that there is any right for mandatory disclosure of the *entire* presentence report. In view of the weight of precedent against appellants' position, and the specific language of Rule 32(c), we believe, as urged in *Dockery,* that any argument on this issue should most properly be presented to the Supreme Court. However, we do conclude that the list of prior convictions, contained in the presentence report, *must be disclosed,* when requested by the defendant or his counsel unless the district court does not rely in any way upon a defendant's prior convictions. We believe that this conclusion is constitutionally required.

Rule 32(c) (2) provides that the presentence report " . . . *shall* contain any prior criminal record of the defendant." (emphasis supplied). Thus, under normal conditions, the sentencing judge will have before him a list of a defendant's prior convictions.[3]

It is possible that the list of prior convictions contains only offenses which were brought out at the defendant's trial. Thus, it would have an independent verification. However, the list of prior convictions may contain reports of

---

1. This court's *in camera* examination of Janiec's presentence report reveals that it does not list a conviction for robbery with loaded guns in 1930. However, we have not attempted, through an independent investigation, to ascertain the veracity of Janiec's presentence report for the reasons listed in note 8, *infra.*

2. Rule 32(c) reads, in part: "The court before imposing sentence *may* disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government." (emphasis supplied.)

This circuit has consistently held that whether to disclose any part, or all, of the presentence report rests within the sound discretion of the sentencing judge. United States v. Pizzo, 453 F.2d 1063 (3d Cir. 1972) ; United States v. Hendrickson, 442 F.2d 360 (3d Cir. 1971) ; United States v. Weiner, 376 F.2d 42 (3d Cir. 1967).

This is, of course, the holding in other circuits. See United States v. Dockery, 145 U.S.App.D.C. 9, 447 F.2d 1178 (1971) and cases cited therein.

3. In order to differentiate that portion of the presentence report which lists a defendant's prior convictions, from the presentence report as a whole, we use throughout the term "list of prior convictions" for the summary of convictions in the presentence report.

prior convictions which were obtained from extra-judicial sources.[4]

In most cases, the prior convictions of a defendant play a major role in the formulation of the sentence. This is, of course, especially true where the defendants have a long history of crime—as is apparently the case with Laytham and Janiec.[5]

In practice, because the list of prior convictions is of such importance in determining sentence, the district court often discloses its contents to the defendant, usually orally from the bench. The defendant then can comment upon his prior record and thus correct any erroneous information it may contain.

The practice of disclosing a defendant's prior convictions, in order to give a defendant a chance to explain, supplement or correct his record, has led to a significant constitutional holding, first enunciated in Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), and recently given forceful statement in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).[6] Although the cases are closely related on their facts, we limit our discussion to *Tucker*, for that decision presumably best illustrates the intent of the Court.

In *Tucker*, the defendant was tried by a jury and convicted of bank robbery. During the course of the trial, at which the defendant testified in his own behalf, the prosecution was permitted to impeach his credibility by cross-examining him concerning prior convictions. The defendant acknowledged three previous felony convictions.

The district court, during sentencing, entered into a colloquy with the defendant and his attorney, in which the dis-

trict court made clear that he based his sentence, at least in part, upon these three previous felony convictions. Later, it was conclusively determined in a collateral proceeding that two of the prior convictions were constitutionally invalid because the defendant had been unrepresented by counsel and had not waived his right to assistance of counsel. Tucker v. United States, 299 F.Supp. 1376 (N.D.Cal.1969).

Thereafter, proceeding under 28 U.S. C. § 2255, the defendant filed a motion attacking the verdict and sentence. While acknowledging that the use of the invalid prior convictions for impeachment was error, the district court found that it was harmless beyond a reasonable doubt in view of the overwhelming evidence and dismissed. Tucker v. United States, supra. The 9th Circuit affirmed but it found that there was " . . . a reasonable probability that the defective prior convictions may have led the trial court to impose a heavier prison sentence than it otherwise would have imposed." Tucker v. United States, 431 F.2d 1292, 1294 (9th Cir. 1970). It refused to vacate the conviction but remanded for resentencing " . . . without consideration of *any* prior convictions which are invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." Id., at 1294 (emphasis supplied).

On appeal to the Supreme Court, the Government argued that a federal district judge has wide and largely unreviewable discretion in imposing sentence and, in view of other information in possession of the trial judge at time of sentencing, detrimental to the defendant, it was highly unlikely that a different sentence would have been meted out had the

4. For example, it may contain convictions from county courts, in widely disparate states, which have been checked for accuracy only by means of telephone queries. No standards for accuracy are demanded.

5. Again, we make this statement based on an *in camera* reading of Laytham and Janiec's presentence reports and the "list of prior convictions" contained therein.

We have not verified this through independent means for the reasons given in note 8, *infra*.

6. Neither *Townsend* nor *Tucker* involved the disclosure of the list of prior convictions as it appeared in a presentence report. However, for the purposes of our discussion this factor is irrelevant.

judge known that two of the previous convictions were constitutionally invalid.

The Supreme Court, affirming the judgment of the Court of Appeals, held:

. . . we deal here not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude. As in Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, 'this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue.' Id., at 741. The record in the present case makes evident that the sentencing judge gave specific consideration to the respondent's previous convictions before imposing sentence upon him. Yet it is now clear that two of those convictions were wholly unconstitutional under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

United States v. Tucker, supra, 404 U.S. at 92 S.Ct. at 591.

This holding makes clear that if there is, one, "misinformation of a constitutional magnitude" before the district court, and, two, if that "misinformation" is given specific consideration by the sentencing judge, then the case must be remanded for sentencing anew.

The first factor—whether there is misinformation of a constitutional magnitude before the sentencing court—is, of course, inextricably tied to the defendant's list of prior convictions contained in the presentence report.[7] As we have noted, Rule 32(c) (2) provides that whenever a presentence report is utilized by the district court, it *must* contain a record of prior convictions, if any. But no standards are laid down for the preparation of this part of the presentence report. The information may be, of course, completely accurate. But it may also contain information which is inaccurate since the report may not list convictions which were later reversed or modified. Moreover, it may even list "convictions" which are unrelated to the defendant and mistakenly attributed to him.

In those cases in which the district court discusses and discloses the convictions of the defendant's record, the defendant may refute and clarify the list. He can point out convictions later overturned or retried, or those which did not in fact ever reach a conviction.

However, when the district court chooses not to disclose the defendant's list of prior convictions, there is always the *possibility* that a sentence will be forthcoming which is based on "misinformation of a constitutional magnitude." Of course, it may be argued that defendant can introduce his own list of prior convictions and assert that any other convictions in the presentence report, which do not correspond with his list, are necessarily erroneous. To prove this fact, however, a defendant would be put to the burden of showing that he could not have been convicted of any other crimes, at any time, in any court. This type of proof—proof of a "negative" fact; i. e., that no other convictions are possible—is an onerous and sometimes impossible burden. A defendant might have to introduce evidence concerning his activities over a significant period of time. Janiec, for example, is sixty-one and Laytham, forty-three.[8]

The failure to reveal the list of prior convictions to the Government or the defense does not mean that in every case

---

7. Of course, misinformation, per se, need not be contained merely in the list of prior convictions. We focus on that aspect, however, because the disclosure of the defendant's list of prior convictions, as distinguished from the rest of the presentence report, involved significantly distinguishable factors. As discussed in the body of this opinion, the list of prior convictions is often the most significant part of the presentence report. At the same time, its disclosure cannot be objected to on any of the grounds traditionally advanced for denying disclosure of the presentence report as a whole.

8. Nor do we believe that an answer to this solution could lie with the court of appeals reviewing, and checking for accuracy, the presentence report through an

there is, in fact, error hidden in the pre-sentence report. The fact that the list of prior convictions is not revealed rais-es only the constant *possibility* of misin-formation. Of course, the Supreme Court has thus far only dealt with *ac-tual*, proven, misinformation. While it has not yet addressed itself to the issue of the *possibility* of misinformation, we believe that the result we reach here log-ically follows from the Court's rationale in *Tucker*.

The test involved, in determining whether the possibility is strong enough to warrant a holding that the conduct in this case is constitutionally impermissi-ble, is a balancing test. On the one hand is the risk of violation of signifi-cant constitutional rights, and on the other, the possibility of damage to the orderly administration of justice.[9]

We are not, of course, able to say with certainty how often presentence reports may contain errors as to a defendant's criminal record. But, in recent years, the Supreme Court has made significant constitutional holdings, and applied them retroactively.[10] This raises the possibil-ity that a defendant's convictions have been overturned in collateral proceed-ings, sometimes with a significant peri-od of time separating the original con-viction and the later successful collateral attack. Since the defendant's collateral attack is instituted in his own name, and may even come after he is released from custody, it may not be listed in any "of-ficial" record of his convictions. More-over, the brief nature of that part of the presentence report which contains the list of prior convictions is *in itself* a factor which can produce error.[11]

---

"independent examination." Certainly, a list of prior convictions cannot be checked for accuracy by an examination of re-ported cases. Guilty pleas go unreported, unless appeal is taken, in the federal sys-tem. In state systems, which contain a cacophony of differing courts, even cases which proceed to trial are often not re-ported, unless an appeal is taken. If a lower state court reverses a conviction on clear constitutional grounds, and the state chooses not to appeal, this reversal may not be reported. Reporting policies are so fragmentary that this court has been unable to find any clear statement of the policy followed by the states.

If a circuit court cannot rely on re-ported cases to check the list of prior convictions, other available means of checking are even less sure. Is the in-dependent examination to take place by telephone calls? By correspondence? The circuit courts are not equipped for such fact finding responsibilities. For example, probation officers, who prepare the presentence reports, are under the jurisdiction of the district court. Should the court need to check the validity of a sentence listed on the presentence report —should the district court find a real issue as to the existence of a particular sentence—the probation officer can pro-vide valuable assistance. No officer of the circuit court has the expertise or re-sponsibility in this area.

Of more importance, the court of ap-peals is limited by the record on appeal.

The composition of this record is clearly delineated by Rule 10, F.R.App.P.:
  *Composition of the Record on Appeal:* The original papers and exhibits filed in the district court, the transcript of pro-ceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal *in all cases*. (emphasis supplied).

9. *See*, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), for the Supreme Court's approach to another issue which also raised the *possibility*, but not the certainty, of seri-ous constitutional violations. *See also*, Mapp v. Ohio, 367 U.S. 643, 656, 81 S.Ct. 1684, 1692, 6 L.Ed.2d 1081 (1961), for an-other illustration of the same approach: "To hold otherwise is to grant the right but in reality to withhold its privilege and enjoyment." Additionally, see Schneble v. State of Florida, 405 U.S. 427, 92 S. Ct. 1056, 31 L.Ed.2d 340 (1972), opinion of Mr. Justice Rehnquist.

10. *See*, United States v. Liguori, 438 F.2d 663, 670–676 (2d Cir. 1971), for a "Sum-mary of Supreme Court Decisions After Linkletter on Question Whether New Rulings Holding Certain Criminal Pro-cedures Unconstitutional Should Be Ap-plied Retroactively."

11. *See, e. g.,* United States v. Myers, 374 F.2d 707, 709 (3d Cir. 1967), for a sample of an "Extract of Criminal Record" pre-pared admittedly not for a federal court,

Against the possibility of constitutional error, we must balance the inconvenience, and other harm, that might result from mandatory disclosure of a defendant's list of prior convictions contained in his presentence report. We believe that the disclosure of the list of prior convictions raises *none* of the objections which have traditionally been advanced by those arguing that the presentence report *as a whole* should not be disclosed.[12] These arguments include: foreclosing the use of important extrajudicial sources of information should those sources be revealed by disclosure of the presentence report; delay of the proceedings because of disclosure; and, thirdly, harm to rehabilitative efforts by, for example, revealing a psychiatric diagnosis at the beginning of rehabilitation. Additionally, disclosure may embarrass members of a defendant's family, violate their confidences, and possibly disrupt the eventual return and integration of a defendant with his family.[13]

It seems clear that revealing a defendant's list of prior sentences may not be criticized by any of the arguments listed above, regardless of how much validity they have when addressed to the presentence report as a whole. Prior sentences are a matter of public record; if they are bottomed on documents not within the public domain, then they should not, obviously, be considered by the sentencing judge. The one argument which could possibly be advanced against revealing the list of prior sentences is the possible delay such action might make in the sentencing procedure. However, whether a prior conviction listed in the presentence report is valid—whether or not it was later overturned on collateral attack, or is simply erroneous—is a matter on which simple proof can be adduced. It does not present the problems of credibility, and 'of opinion evidence, which are locked into the evaluative sections of presentence reports. Therefore, if indeed revealing the list of prior sentences slows the sentencing procedure, it should not do so significantly.

We are faced, thus, with a situation in which the possible reasons for not revealing the list of prior sentences contained in the presentence report are extremely dubious, while, on the other hand, a real possibility of serious constitutional error exists if the list of prior sentences is not revealed. In this situation, we hold that when the defendant or his counsel requests disclosure of the list

---

but which is essentially similar in all respects to reports prepared within the federal jurisdiction and contained in the presentence report.

William G. Zastrow, Chief Probation Officer, United States District Court, Milwaukee, reports, after five years of making the presentence report routinely available to the defense counsel, that the practice has made the reports more accurate. Zastrow, Disclosure of Presentence Investigation Report, Federal Probation, Dec., 1971, at 20.

Additionally, it should be noted that it seems inevitable that errors are bound to occur within the list of prior convictions. Our society is highly mobile. Our judicial system and record keeping is fragmented between hundreds of state courts, county courts, municipal and magisterial courts, and the federal courts, including, as well, administrative agencies, such as parole and probation departments. Probation officers are also subject to the pressures of an escalating criminal case load. They are also limited by the time, staff and means of checking possible errors in criminal records in other parts of the country. Frequently, much of the checking is dependent upon the hazards and uncertainties of oral confirmation by telephone with unknown, distant governmental functionaries.

12. Perhaps the best summary of the reasons for and against disclosure of the presentence report as a whole, is given in the Commentary to Standards Relating to Sentencing Alternatives and Procedures, "4.4 Presentence report: disclosure; parties." at 213–226, (ABA Project on Minimum Standards for Criminal Justice; 1968).

13. These arguments carried little weight with the drafters of the new Proposed Amendments to the Criminal Rules. They have suggested, in the Preliminary Draft of Proposed Amendments that Rule 32 be changed to mandate· disclosure with certain limitations. 52 F.R.D. 451 (1971).

of prior convictions the trial judge is required to do so or disclaim any reliance upon it in reaching a conclusion as to the sentence.[14]

The decision we reach is put into concrete terms when we consider the position in which the attorneys for Laytham and Janiec were placed before the district court. They represented clients with long criminal records. Obviously, those records might play a critical part in the decisions of the district court as to sentence. As the attorney for Janiec noted, during oral argument before the district court, the sentence may well have been:

. . . based on a presentence investigation report which included, I suppose—and I have no way of knowing—a history of his prior criminal record. I have no way of knowing at this time whether that history of his prior criminal record included any evidence to your Honor of the fact that *some of those sentences had been vacated, some of the convictions vacated.* (emphasis supplied)

Yet, since the district court did not reveal the list of prior convictions in the presentence report, and since the district court did not state that prior convictions played no part in its decision, Janiec's attorney could not guard his client against a "sentence founded at least in part upon misinformation of a constitutional magnitude."

The order of the district court will be reversed, and the case remanded for resentencing in accordance with this opinion.

TEITELBAUM, District Judge (concurring).

I concur in the holding of the majority that when a district judge, in imposing a sentence, *relies* upon a list of prior convictions in a presentence report, he must disclose that portion of the presentence report which contains the list to the defendant, his attorney, and the attorney for the Government. I would extend that holding, however, to require disclosure of all portions of the presentence report upon which the judge relies.

The test which the majority formulates for determining whether or not the possibility of the submission of misinformation to a judge is of constitutional dimensions so as to compel disclosure of the information is that of balancing:

"[O]n the one hand . . . the risk of violation of significant constitutional rights, and on the other, the possibility of damage to the orderly administration of justice."

In striking the balance, in this case, in favor of the risk of violating the defendants' constitutional rights, the majority astutely notes the massive retroactive application of many of the recently discovered constitutional rights of an accused. This, it is rightly concluded, raises the risk of error in the listing of prior convictions. The majority goes on to find that "*none* of the objections which have traditionally been advanced by those arguing that the presentence report *as a whole* should not be disclosed" are apposite to the disclosure of the list of prior convictions.

I think that the risk of error in other portions of a presentence report may well be as great as that in the list of prior convictions. This, coupled with the pervasive impotency, *if the trial judge is permitted to edit the report to afford protection, when essential, to either suppliers of information, the defendant himself, or both, or to facilitate rehabilitative efforts generally,* of the

14. Under *Tucker* and *Townsend,* it is not enough that the district court is under a misimpression as to the prior record of a defendant. There must be a reasonable probability that the erroneous impression of the district court played some part in his decision. Thus, should a district court not rely upon the list of prior convictions in the presentence report, and so state for the record, disclosing the defendant's list of prior convictions, as reported in the presentence report, would be unnecessary.

historical objections to disclosure, and in the light of the significance of the constitutional right involved, I think, requires the disclosure of all portions of a presentence report relied upon by a judge. See Proposed Amendments To Criminal Rules, 52 F.R.D. 451 (1971). (The editing of those potentially harmful portions must rest of course, in the sound discretion of the trial judge).

I am led to this conclusion by the significance of the constitutional right involved, i. e., that of the right to liberty. As with the majority, it seems to me that it is the magnitude of that right rather than the magnitude of the misinformation which is of critical importance in formulating a test for determining whether or not disclosure of the presentence report is required. The importance of the misinformation is determined simply by whether or not it is relied upon. And while it may be that the presumptions (1) that the list of prior convictions portion is "often the most significant part" of the presentence report and (2) that it is the most likely to be relied upon, are statistically sound, I do not see the need to stereotype the proclivities of sentencing judges, particularly since a rule which requires disclosure of all portions relied upon, subject to discretionary judicial editing, will *pro forma* cover those portions which need to be disclosed, *viz.*, those relied upon, to protect the constitutional right of the defendant. Errors, if any, may then be corrected. The vagaries of what in a defendant's background is important to one judge as opposed to another, for purposes of sentencing, I think, demands the flexible rule for which I contend. I would therefore remand this case for re-sentencing with the instruction to the trial judge that he disclose to the defendants, their counsel, and the attorney for the Government all those portions of the presentence report which influenced, and which he relied upon in fixing, the sentence which he imposed upon the defendants, subject to any editing necessary to delete any harmful material.