## Commonwealth *v.* Phelps, Appellant.

Submitted January 9, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

598

*D. Benjamin VanSteenburgh, III,* Assistant Public Defender, and *John R. Merrick,* Public Defender, for appellant.

*W. Robert Landis,* Assistant District Attorney, and *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 16, 1973:
On July 13, 1970, appellant, Larry James Phelps, pleaded guilty to robbery, burglary, larceny, armed robbery, prison breach and violation of the Uniform Fire-

arms Act. Subsequently, he was sentenced to undergo imprisonment for 2½ to 10 years and pay a fine of $10.00 plus the costs of prosecution. The judgment of sentence was affirmed by the Superior Court, *Commonwealth v. Phelps*, 220 Pa. Superior Ct. 235, 281 A. 2d 769 (1971) (Judge HOFFMAN filed a dissenting opinion in which Judge MONTGOMERY joined) and we granted allocatur.

On this direct appeal, appellant contends that he was denied due process of law when the trial court denied his timely motion to examine the presentence investigation report at the sentencing stage of the proceedings. We need not reach the constitutional issue[1] for we hold, pursuant to our constitutionally authorized supervisory powers,[2] that the efficient and just administration of criminal justice is best served by the appropriate disclosure of relevant portions of that report, not secured on a promise of confidentiality. Such disclosure, prior to the imposition of sentence, is in harmony with the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures §4.4 (Approved Draft, 1968). That section, which we today adopt, states:

"Presentence report: disclosure; parties.

"(a) Fundamental fairness to the defendant requires that the substance of all derogatory information

[1] See, e.g., *United States v. Dockery*, 447 F. 2d 1178 (D.C. Cir. 1971), cert. denied, 404 U.S. 950, 92 S. Ct. 299 (1971); *Fernandez v. Meier*, 432 F. 2d 426 (9th Cir. 1970); *Thompson v. United States*, 381 F. 2d 664 (10th Cir. 1967). But *see United States v. Janiec*, 464 F. 2d 126 (3d Cir. 1972); *Buchea v. Sullivan*, 497 P. 2d 1169 (Ore. 1972).

The United States Supreme Court has not ruled on the constitutionality of nondisclosure, although it has upheld the constitutionality of reliance upon presentence reports in sentencing. *Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079 (1949).

[2] Constitution of Pennsylvania, art. V, §10 (1968).

which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.

"(b)   This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report.   The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality.   In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed.   The action of the court in excepting information from disclosure should be subject to appellate review."[3]

The preparation and submission of presentence reports is authorized in Pennsylvania by the Act of March 31, 1860, P. L. 427, §73.1, as amended, 19 P.S. §890 (Supp. 1972), which provides:

"(a)   In all cases where the statutory maximum sentence is for two years or more, the probation service shall make a pre-sentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs.

---

[3] "The resolution of any controversy as to the accuracy of the presentence report should be governed by the principles stated in sections 4.5(b), 5.3(d), 5.3(f), and 5.4(a)." ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures §4.4(c) (Approved Draft, 1968).

"(b)  In cases where the statutory maximum sentence is for less than two years, the court may request that the probation officer make a pre-sentence investigation and report.

"(c)  Upon request of the court, the Pennsylvania Board of Probation and Parole shall make the pre-sentence investigation and report required by this section.

"(d)  The report of the pre-sentence investigation shall conform to the standards established by the Pennsylvania Board of Probation and Parole and contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court.

"(e)  The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty." It is clear that the Legislature has forbidden disclosure of the report until after a determination of guilt. However, neither the Legislature nor this Court has previously declared whether a defendant is entitled to examine the report once guilt has been determined.

The practice in other jurisdictions regarding the disclosure of presentence reports varies greatly. In the federal courts, for example, disclosure, as provided in Rule 32 of the Federal Rules of Criminal Procedure, is a matter within the discretion of the trial court. See, e.g., *United States v. Schrenzel*, 462 F. 2d 765, 775 (8th Cir. 1972); *United States v. Dockery*, 447 F. 2d 1178 (D.C. Cir. 1971), cert. denied, 404 U.S. 950, 92 S. Ct. 299 (1971); *Fernandez v. Meier*, 432 F. 2d 426 (9th Cir. 1970). Several federal courts, however, have intimated dissatisfaction with this rule and have indi-

cated that the rule should be liberally construed in favor of disclosure. See, e.g., *United States v. Picard*, 464 F. 2d 215 (5th Cir. 1972); *United States v. Solomon*, 422 F. 2d 1110 (7th Cir. 1970), cert. denied, sub nom. *Sommer v. United States*, 399 U.S. 911, 90 S.Ct. 2201 (1970); *United States v. Fischer*, 381 F. 2d 509 (2d Cir. 1967), cert. denied, 390 U.S. 973, 88 S. Ct. 1064 (1968).

The Third Circuit has concluded that, notwithstanding Rule 32, "the list of prior convictions, contained in the presentence report, *must be disclosed*, when requested by the defendant or his counsel unless the district court does not rely in any way upon a defendant's prior convictions." *United States v. Janiec*, 464 F. 2d 126, 127 (3d Cir. 1972) (emphasis in original). See also *Baker v. United States*, 388 F. 2d 931 (4th Cir. 1968).

Although some states leave the choice of disclosure to the judge's discretion, see, e.g., *People v. Peace*, 18 N.Y. 2d 230, 273 N.Y.S. 2d 64, 219 N.E. 2d 419 (1966), cert. denied, 385 U.S. 1032, 87 S. Ct. 761 (1967),[4] at least two courts have held that, "as a matter of rudimentary fairness", the defendant is entitled to inspect the report. *State v. Kunz*, 55 N.J. 128, 144, 259 A. 2d 895, 903 (1969); *State v. Pierce*, 108 Ariz. 174, 494 P. 2d 696 (1972). In *Pierce*, supra, the Supreme Court of Arizona rejected its prior discretionary test and adopted, as we do today, the ABA Standards, supra. Similarly, in *Kunz*, supra, the New Jersey Supreme Court stated: "Counsel for the defendant was in the dark and his participation in the sentencing hearing was largely meaningless. He based his stand on the open record of the trial whereas the judge based his

---

[4] For discussion of the approaches adopted by the various states, see Annot., Defendant's Right to Disclosure of Presentence Report, 40 A.L.R. 3d 681 (1971); Lehrich, The Use and Disclosure of Presentence Reports, 47 F.R.D. 225 (1969).

sentence on the closed presentence report. *Surely this type of hearing with its cross bases does not fit within any rational concept of the sound administration of justice.  It is entirely clear to us that the trial judge should have acceded to the request by defense counsel at sentencing for an opportunity to review the presentence report; . . ."* State v. Kunz, supra at 144, 259 A. 2d at 903 (emphasis added).

The right of a defendant and his counsel to inspect the presentence report is an issue which has prompted extensive and, often, heated debate.[5]  The proponents of nondisclosure urge that disclosure would dry up sources of information because confidentiality could no longer be promised.  Additionally, it is suggested that disclosure would "make adjustment and treatment of the defendant more difficult than it otherwise would be because of the trauma generated by abrupt disclosure of the diagnoses of his mental and emotional conditions; . . ." *Buchea v. Sullivan,* 497 P. 2d 1169, 1173 (Ore. 1972).  Finally, the opponents of mandatory disclosure contend that disclosure would unduly delay the sentencing process.

We conclude, however, that, "although each of these factors constitutes a potential evil, they neither individually nor collectively justify prohibition of disclosure."  Note, The Presentence Report: An Empirical Study of Its Use in the Federal Criminal Process, 58 Geo. L.J. 451, 472 (1970).  As stated in the commentary to the ABA Standards, supra: "The major difficulty with the arguments in favor of the secrecy of the report is that each is aimed at a specific evil which may indeed be a legitimate cause for concern, *but yet is generally asserted as supporting non-disclosure in all cases irrespective of the existence of even a remote pos-*

---

[5] For an extensive list of the relevant authorities, see *Buchea v. Sullivan,* 497 P. 2d 1169, 1171 n.7 (Ore. 1972).

*sibility in the particular case of the actual occurrence of the feared result."* ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures §4.4(b), commentary at 217-18 (Approved Draft, 1968) (emphasis added).

Perhaps the "simple and effective response to the claim that disclosure would 'dry up' the sources of information contained in the presentence reports is that in many courts the presentence reports remain effective though they are regularly and systematically disclosed to the defense." Lehrich, The Use and Disclosure of Presentence Reports in the United States, 47 F.R.D. 225, 239 (1969). See also *State v. Kunz,* supra at 136, 259 A. 2d at 897; Note, Procedural Due Process at Judicial Sentencing for Felony, 81 Harv. L. Rev. 821, 838-39 (1968); ABA Standards, supra, commentary at 219.

"In states such as California, where disclosure is the normal course of business, the courts have shown no signs of being hampered to any significant degree by a loss of information. In the Federal District for the District of Maryland, it has been the standard practice to divide the presentence report into a part containing factual information and a part containing recommendations for disposition, and the first part is normally shown to the defendant's counsel. *Yet, the Chief Judge of the court, Roszel C. Thomsen, has reported that his probation officers have not been unduly impeded in gathering information and that the quality of their reports has not suffered since this procedure was established several years ago."* Lehrich, supra at 239 (footnotes omitted) (emphasis added). The United States Supreme Court has observed in another context, "the point of it is that it again illustrates the maxim that while nondisclosure may contribute to the comfort

of the staff, disclosure does not cause heaven to fall." *Kent v. United States*, 383 U.S. 541, 564 n.32, 86 S. Ct. 1045, 1058 n.32 (1966).

The claim that mandatory disclosure will dry up sources is also inapplicable to many of the actual sources of information. See *United States v. Dockery*, supra at 1197 (WRIGHT, J., dissenting opinion). For example, this fear does not apply to public records, such as police records, which are included in the presentence reports. See *United States v. Janiec*, supra; *Baker v. United States*, supra. Also, the argument "applies rather unconvincingly to another frequent supplier of information—social welfare agencies which have had dealings with the defendant and may know of his family history, education, economic situation and so forth. . . . It seems unlikely that such agencies would refuse, despite disclosure, to cooperate with the probation office and the sentencing judge." *United States v. Dockery*, supra.

Finally the ABA Standards which we adopt today adequately protect against any reasonable fear that disclosure would dry up sources or endanger suppliers of information. Section 4.4(b), supra, states that "*[i]n extraordinary cases*, the court should be permitted to except from disclosure . . . sources of information which has [sic] been obtained on a promise of confidentiality." ABA Standards, supra (emphasis added).[6]

Equally unpersuasive is the argument that mandatory disclosure would burden the court and unduly delay the sentencing process. Again, the empirical data

---

[6] The court must "explicitly state for the record the reasons for non-disclosure of any item of information, and . . . inform the defendant that a deletion has occurred so that he may have the matter, along with all of the other issues in the case, reviewed on appeal." ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures §4.4 (c), commentary at 225 (Approved Draft, 1968).

is to the contrary. See Lehrich, supra at 239-40. In fact, mandatory disclosure, rather than protracting the sentencing proceedings, would have the opposite effect. Counsel, having had an opportunity to examine the report, would be aware of the information upon which the judge is relying and, thus, could effectively narrow the scope of argument to the relevant considerations. See Lehrich, supra at 240; ABA Standards, supra, commentary at 222. So too, as a practical matter, it is unlikely that counsel would risk irritating the judge at this sensitive stage of the proceedings by employing dilatory tactics. See Amsterdam, Trial Manual for the Defense of Criminal Cases—II §468 (1971); Note, 58 Geo. L.J., supra at 423; Note, 81 Harv. L. Rev., supra at 841. It is our view that delay in the sentencing process is more readily prevented "by reasonable use of the court's discretion to control its own proceedings", Lehrich, supra at 240, than by nondisclosure of the report.

The proponents of nondisclosure maintain that mandatory disclosure would impede defendant's rehabilitation. However, as Judge WRIGHT of the United States Court of Appeals for the District of Columbia has observed, this danger is easily exaggerated and readily avoided by disclosing such matters only to defense counsel.

"The argument that disclosure of the presentence report may hinder a defendant's rehabilitation really refers only to a few items in the report. If a defendant sees psychological diagnoses of himself, it is said, he will be more resistant to successful treatment. Perhaps so, and perhaps genuine psychiatrists' diagnoses should be shown only to defense counsel. But all to often pseudo-scientific characterizations of the defendant creep into the report by way of the probation officer. These are not genuine 'diagnoses,' and have little if any

medical validity. Yet they may be highly prejudicial. The defendant's interest in discrediting the nonexpert basis of such characterizations is important and should not be denied." *United States v. Dockery,* supra at 1198-99 (dissenting opinion) (footnotes omitted). See also Note, 81 Harv. L. Rev., supra at 837. Besides, the ABA Standards, supra, specifically permit the court to *except* from disclosure "diagnostic opinion which might *seriously* disrupt a program of rehabilitation." (Emphasis added.)[7]

On balance, we conclude that the affirmative case for mandatory disclosure outweighs the potential risks in permitting examination of the report by defendant and defense counsel. The advocates of disclosure are influenced by the *"specter of the defendant serving an unjustifiably harsh sentence because a presentence report that he never saw and never had an opportunity to rebut misrepresented his personal history in one way or another.* This does not appear to be a misplaced concern. Even if probation officers were all extremely competent and had manageable case loads, still the law of averages would dictate that every once in a while a mistake—perhaps serious—would be made. And the sad fact is that many probation officers are not as competent as they really ought to be, and their case loads are in fact so burdensome that they cannot possibly give each case the time and care that it should receive. The President's Commission on Law Enforcement and the Administration of Justice reports: 'In most felony courts presentence reports are prepared, but they are of uneven quality and usefulness.'" Lehrich, supra at 241 (emphasis added).

Furthermore, we agree with the New Jersey Supreme Court that "even apart from the overriding con-

---

[7] Id.

siderations of fairness and justness, [disclosure] will serve to improve and strengthen probation reports by promoting greater accuracy on the part of the officials as well as the persons who supply information to them." *State v. Kunz,* supra at 897. That Court stated: "Presentence reports were originally designed to benefit the individual offenders and lessen the severity of the penal laws. They were incident to the penological approach which sought, and still seeks, to tailor the sentence to the background and present circumstances of the offender along with the nature of his offense. *Their worth, so long as they are accurate, is beyond question; if inaccurate their harm may be incalculable."* Id. (Emphasis added.)

Finally, we are persuaded that the United States Supreme Court's decision in *United States v. Tucker,* 404 U.S. 443, 92 S. Ct. 589 (1972), can best be implemented by a policy of mandatory disclosure. There, the Supreme Court held that a sentencing judge may not consider prior, unconstitutionally obtained convictions when imposing sentence. "This holding," states the Third Circuit, "makes clear that if there is one, 'misinformation of a constitutional magnitude' before the district court, and, two, if that 'misinformation' is given specific consideration by the sentencing judge, then the case must be remanded for sentencing anew." *United States v. Janiec,* supra at 129. See also *Commonwealth v. Hoss,* 445 Pa. 98, 116-18, 283 A. 2d 58, 68-69 (1971).

The Third Circuit reasoned that it follows from *Tucker* that disclosure is required to avoid the *possibility* that a sentence is based on "misinformation of a constitutional magnitude." Id. While the Third Circuit, basing its decision on constitutional principles, limited its holding to disclosure of prior convictions contained in the report, we hold, as a matter of sound administration of criminal justice, that the report must

be disclosed in accordance with the ABA Standards, supra. Without such disclosure, defendant and his counsel are unable to determine whether the sentencing judge relied on unconstitutionally obtained convictions, see *United States v. Tucker,* supra, illegally seized evidence, see *Verdugo v. United States,* 402 F. 2d 599, 613 (9th Cir. 1968), cert. denied, sub nom. *Turner v. United States,* 397 U.S. 925, 90 S. Ct. 931 (1970), unconstitutionally obtained confessions, see *United States ex rel. Brown v. Rundle,* 417 F. 2d 282, 284-85 (3d Cir. 1969), or other misinformation which adversely affects the defendant's interest.

Here, following acceptance of appellant's guilty pleas, the trial court deferred sentence pending the preparation and submission of a presentence report. Appellant and his counsel requested permission to examine the report; however, that timely motion was denied. Having concluded that "disclosure as proposed by the American Bar Association is both warranted and necessary", Note, 58 Geo. L.J., supra at 475, we remand for resentencing in accordance with this opinion.

The conviction is affirmed, the judgment of sentence is vacated and the record remanded to the trial court for resentencing.

Mr. Chief Justice JONES concurs in the result.