462 A.2d 804

**COMMONWEALTH of Pennsylvania**

v.

**Robert A. SMILLIE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1982.

Filed July 8, 1983.

---

84

86

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Frank J. Scutella, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CERCONE, P.J., WIEAND and BECK, JJ.

CERCONE, President Judge:

Appellant Robert Smillie takes this direct appeal from the judgment of sentence imposed by the Court of Common Pleas of Erie County on September 3, 1981 following his entry of guilty pleas to charges of burglary[1] and retail theft.[2] On appeal, he raises two issues for our resolution. First, appellant contends that the sentencing court did not adequately discharge its sentencing responsibilities as they are set forth in the Sentencing Code,[3] Pa.R.Crim.P. 1405(b) and supporting caselaw. Concurrently appellant charges that sentencing counsel was ineffective in failing to include, as a reason in support of his Motion for Reduction of Sentence, the failure of the sentencing court to state of record the reasons for the sentence imposed.[4] Second,

1. 18 Pa.C.S.A. § 3502.

2. *Id.* at § 3929.

3. 42 Pa.C.S.A. § 9701 *et seq.*

4. Sentencing counsel did not preserve this issue for our review by raising it in his Motion for Reduction of Sentence. *See* Pa.R.Crim.P. 1410; *Commonwealth v. Boyce,* 304 Pa.Superior Ct. 27, 450 A.2d 83 (1982); *Commonwealth v. Ruschel,* 280 Pa.Superior Ct. 187, 421 A.2d 468 (1980). However, we do not regard the matter as waived since it

appellant maintains that counsel rendered ineffective assistance as a consequence of his failure (a) to specifically object to the contents of the pre-sentence report; (b) to provide appellant with a summary of the contents of the pre-sentence report, thus depriving appellant of the meaningful exercise of his right to allocution as guaranteed by Pa.R. Crim.P. 1405(a); and (c) to assemble witnesses capable of testifying with respect to appellant's character and drug dependence. Discerning no merit in these claims, we affirm.

There is no doubt but that "[s]entencing is a matter within the sound discretion of the sentencing judge, to be exercised within the statutory guidelines and considerations. When so exercised, the sentence will not be disturbed by an appellate court unless it is so clearly excessive as to constitute an abuse of discretion." *Commonwealth v. Hollerbush,* 298 Pa.Superior Ct. 397, 406–07, 444 A.2d 1235, 1240 (1982).[5] In the case at bar, appellant argues not that the sentence imposed was excessive but rather that the sentencing court neglected to fulfill its obligation to place on the record the reasons supporting the sentence.[6]

now appears before us in the context of a claim of ineffectiveness of counsel, and is being asserted at the first opportunity by new counsel retained for purposes of this appeal. *Commonwealth v. Green,* 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Marshall,* 273 Pa.Superior Ct. 370, 417 A.2d 694 (1980).

**5.** *See* also *Commonwealth v. Walker,* 298 Pa.Superior Ct. 387, 444 A.2d 1228 (1982); *Commonwealth v. Landi,* 280 Pa.Superior Ct. 134, 421 A.2d 442 (1980); *Commonwealth v. Kostka,* 276 Pa.Superior Ct. 494, 419 A.2d 566 (1980); and *Commonwealth v. Kaminski,* 244 Pa.Superior Ct. 388, 368 A.2d 776 (1976).

**6.** 42 Pa.C.S.A. § 9721 affords this guidance to a sentencing judge:
 (a) General rule.—In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
 (1) An order of probation.
 (2) A determination of guilt without further penalty.
 (3) Partial confinement.
 (4) Total confinement.
 (5) A fine.

■ In his recent opinion in *Commonwealth v. Edwards*, 303 Pa.Superior Ct. 454, 450 A.2d 15 (1982), Judge Spaeth characterized the responsibilities of the sentencing judge as two-fold:

The first responsibility is a fact-finding responsibility: the judge must be sure he has enough information. The second responsibility is an application—and—explanation responsibility: the judge must apply to the information he has gathered the guidelines specified in the Sentencing Code, 42 Pa.C.S. § 9701 *et seq.*, and explain how the sentence he has selected is responsive to, and reflects the standards embodied in, those guidelines. If the judge fails to fulfill these responsibilities, we must vacate the sentence and remand for resentencing. *Id.*, 303 Pa.Superior at 472, 450 A.2d at 23–24.

The policy underlying the requirement that the sentencing judge state of record the reasons for the sentence is found in the desirability of making public the actual thought process leading to the imposition of a particular sentence. *Commonwealth v. O'Brien*, 282 Pa.Superior Ct. 193, 422 A.2d 894 (1980). This directive cloaks appellate courts with the means of comprehending and reviewing the actions of the sentencing court while, at the same time, discourages arbitrary sentencing and the entertainment of improper or

(b) General standards.—In selecting from the alternatives set forth in subsection (1) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to section 2155 (relating to publication of guidelines for sentencing.) *In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.* (emphasis added).

*See* also *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); and *Commonwealth v. Wicks*, 265 Pa.Superior Ct. 305, 401 A.2d 1223 (1979).

irrelevant factors. *Commonwealth v. Kraft*, 294 Pa.Superior Ct. 599, 440 A.2d 627 (1982).

■ Our courts have never required that the sentencing court's statement of reasons cite to specific language of the Sentencing Code. *Commonwealth v. Wicks, supra.* Instead, it should evince the court's reflection on the standards delineated in the Code and should offer "some explanation of how consideration of those guidelines affected the determination of sentence." *Commonwealth v. Wareham*, 259 Pa.Superior Ct. 527, 534, 393 A.2d 951, 954 (1978).

■ Our review of the sentencing proceedings leads us to conclude that the statement of reasons advanced by the lower court at the passing of sentence complies fully with the requirements of the Sentencing Code and the holding of *Commonwealth v. Riggins, supra.* The sentencing court enjoyed the benefit of a presentence report and the extensive remarks of attorneys for both the Commonwealth and the defense. In passing sentence, the lower court apparently accorded great weight to the fact that at the relatively young age of thirty years, appellant had experienced numerous encounters with the penal system during a period which in length approaches twenty years. Moreover, the court observed that from the facts presented in the pre-sentence report and the remarks of counsel, appellant's brushes with law enforcement authorities are traceable, ultimately, to his persistent abuse of drugs. The court noted further that appellant appeared incapable of resolving his drug problems himself and that, as a result, the interests of society as a whole mandated his incarceration. We believe that the sentencing court adequately explained its sentence and thus we perceive no merit in appellant's assertions to the contrary.[7]

7. Because we conclude that appellant's argument is meritless, we also reject as untenable appellant's correlative assertion that sentencing counsel was ineffective in failing to include this contention in his Motion for Reduction of Sentence, since we cannot regard counsel as ineffective for declining to pursue what would prove to be a baseless claim. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

 We also dismiss as unsound appellant's charge that he was denied, for various reasons, the effective assistance of counsel during sentencing proceedings.[8] Our review of the record persuades us that the sentencing proceedings in the case at bar fully conform to the requirements of Pa.R. Crim.P. 1404[9] and the American Bar Association Standards Relating to Sentencing Alternatives and Procedures,[10]

8. Appellant phrases his argument as follows:
 Trial counsel provided ineffective assistance where there was a failure to specifically object to the pre-sentence report, failure to provide a report of the content to the appellant so that he might knowingly and effectively exercise his rights to allocution pursuant to Pennsylvania Rule of Criminal Procedure 1405, and failure to assemble witnesses as to the defendant's character and drug dependence.

9. At the time of sentencing, the Rule read, in relevant part:
 Disclosure of reports
 (a) All psychiatric and pre-sentence reports shall be confidential records. They shall be available only to:
 (1) the sentencing judge;
 (2) the attorney for the Commonwealth *and counsel for the defendant for inspection, only, on conditions stated by the sentencing judge.* . . .
 (b) The sentencing judge may impose conditions of confidentiality consistent with this Rule.

 . . . . .

 COMMENT: The policy on disclosure contained in this Rule is intended to prevent injustices which may arise when inaccurate information in psychiatric and pre-sentence reports is submitted to the judge unchallenged. However, *the Rule is not intended to encourage formal litigation over these reports but, on the contrary, is intended to prevent such a development by affording counsel for both parties an opportunity to point out any such inaccuracies before the judge pronounces sentence.* Although the appellate courts have never conclusively decided whether a defendant is entitled to see these reports as a constitutional right, the Supreme Court of Pennsylvania has recently concluded that in its supervisory powers it would direct disclosure of portions not secured on a confidential basis. *Commonwealth v. Phelps,* 450 Pa. 597, 301 A.2d 678 (1973). Paragraph (a)(2) permits the sentencing judge to impose conditions on counsel. This permits the judge to preserve the confidentiality of sources of information when deemed necessary. It also permits the judge in the proper exercise of his discretion to withhold portions of the report from counsel or to require counsel not to disclose portions to defendant, when the latter's mental or physical well-being may be jeopardized thereby.
 Rule 1404, Pa.R.Crim.P. (emphasis added).

10. These Standards provide:

adopted by our Supreme Court in *Commonwealth v. Phelps*, 450 Pa. 597, 301 A.2d 678 (1973). The record discloses, and appellant himself concedes, that sentencing counsel was afforded complete access to the contents of the pre-sentence report. Pa.R.Crim.P. 1404 does not require that a defendant be permitted to examine personally the report for inaccuracies. *Commonwealth v. Kessinger*, 295 Pa.Superior Ct. 258, 441 A.2d 758 (1982). Although appellant now complains that sentencing counsel did not object to the pre-sentence report, and did not fully inform him of the contents of the report, he does not specify in what respect the report was prejudicial or in what manner counsel's description of it was inadequate. In rejecting a similar claim in *Commonwealth v. Smith*, 250 Pa.Superior Ct. 537, 378 A.2d 1278 (1977), we stated:

> ... Rule 1404(a)(2) permits appellate counsel to see the report; he is, after all, "counsel for the defendant." Consequently, if appellate counsel wishes to argue before us that counsel at the sentencing hearing was ineffective for failing to dispute a presentence report, he must exam-

Presentence report: disclosure parties.

(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.

(b) This principal *should be implemented by requiring that the sentence court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report.* The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review.

ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 4.4 (Approved Draft, 1968) (emphasis added).

ine the report and then set out in his brief in what respect he contends the report prejudiced his client.

*Id.*, 250 Pa.Superior at 543, 378 A.2d 1282.

■ Similarly, we reject appellant's assertion that he was denied the effective exercise of his right to allocution provided by Pa.R.Crim.P. 1405(a). The record reflects that appellant's sentencing counsel delivered a lengthy statement to the sentencing court prior to its passing of sentence in which he highlighted appellant's past criminal record, his history of drug abuse, appellant's apparent need for some type of drug rehabilitation treatment, and the fact that appellant had cooperated with the district attorney's office during its prosecution of the case. Appellant himself then brought to the court's attention the fact that he enjoys a good relationship with his parole officer, and that his recent marriage has had a positive effect on his life. Thus, it appears that appellant did in fact exercise his allocution rights, despite his current protestation that such exercise was futile. Again, appellant fails to demonstrate what additional matters he would have raised for the court's consideration during allocution had he been more completely informed as to the contents of the pre-sentence report.

■ Finally, we reject appellant's assertion that sentencing counsel was ineffective in failing to gather and present witnesses who would testify on appellant's behalf at the sentencing hearing. Appellant contends that he furnished counsel with the names of individuals who would testify as to his character and drug dependence. The record demonstrates, however, that sentencing counsel covered these very subjects in his statement to the court. In the absence of any proof that the testimony of these witnesses would yield more than more cumulative evidence as to matters which were adequately placed before the sentencing court, we are unwilling to regard sentencing counsel as ineffective for declining to present such testimony. "A finding of ineffectiveness can never be made unless it can be concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics

actually utilized." *Commonwealth v. Stokes,* 294 Pa.Superior Ct. 529, 542, 440 A.2d 591, 598 (1982), *citing Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

Judgment of sentence affirmed.